PER CURIAM:
At a pre-trial conference and a hearing on respondent’s motion to dismiss, the claimant outlined the basis of her claim. Claimant resided in apartment 2 on the first floor of 1522 East Lee Street, Charleston, West Virginia, and was employed by the West Virginia State Welfare Department at a salary of $525.00 per month. Prior to October 1977, claimant contends certain activities commenced such as loud noises, music playing late at night and people “stomping in and out of the house at all hours of the night up and down the stairs.” Her loss of sleep caused her to quit her job. She complained to her landlady, Mrs. Angie Ehle, and later sued her for damages. She didn’t pursue the suit because she stated the respondent should have stopped the “activities.” Claimant also contends that people in the neighboring property at 1520 East Lee Street caused disturbances and spied on her which in addition to the *332 activities where she resided finally caused her to move in March of 1980. Claimant alleges that she complained to “all police departments” including respondent.
Damages claimed include $25,074.40 as salary lost after she quit work, $5,000.00 claimed for things done to her personal belongings, some of which she was forced to sell, and $3,000.00 for a foot and leg injury received from a fall while residing at 130714 Quarrier Street. She was injured when she caught her foot in a hole in the back lawn and fell on the gravelled street. This fall was apparently prior to the activities at 1522 East Lee Street. An additional $20,000.00 is claimed for the death of her husband who died on June 13, 1979, as a result of a fall from a window at the Union Mission.
The Court has carefully .considered the statements made by the claimant and has examined the numerous papers filed with the claim and finds that the damages claimed by the claimant were not caused by any breach of duty by the respondent which could be the basis of an award by the. Court. Additionally, the Court notes that the activities complained of occurred more than two years prior to the filing of this claim and are barred by the statute of limitations. West Virginia Code §55-2-12. By statute, West Virginia Code §14-2-21, this Court is prohibited from hearing matters which are barred by law. Accordingly, the respondent’s motion to dismiss is sustained and the claim is dismissed.
Claim dismissed.